UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>      Plaintiffs,  <br>v.  <br>JOSE ISABEL HERRERA-RAMOS,  <br>      Defendant. | 03:05-CR-00083-LRH-VPC  <br><br>ORDER |

Presently before the court is Jose Isabel Herrera-Ramos's ("Herrera-Ramos") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (# 25[1]). The United States of America has filed a response (# 28).

Pursuant to a negotiated plea agreement, Herrera-Ramos pled guilty to a charge of possession with intent to distribute methamphetamine. (July 8, 2005, Minutes of the Court (# 18); Mem. of Plea Negotiation (# 19).) On October 7, 2005, Herrera-Ramos was sentenced to seventy months imprisonment. (October 7, 2005, Minutes of the Court (# 22).) In determining this sentence, the court applied the "safety valve" adjustment, 18 U.S.C. § 3553(f)(1)-(5). *Id*.

On October 5, 2006, Herrera-Ramos filed the present motion alleging ineffective assistance of counsel. Specifically, Herrera-Ramos alleges that his counsel was ineffective for failing to

---

[1]Refers to the court's docket number.

appeal upon request, allowing the Government to breach the guilty plea by requesting that Herrera-Ramos be sentenced based on one-pound of methamphetamine, and for failing to advise Herrera-Ramos of the benefits of the safety valve.

With the exception of Herrera-Ramos's assertion that his council refused to file an appeal, the court finds no merit in Herrera-Ramos's motion.  The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  In order to prove ineffective assistance of counsel, Petitioner must first establish that his counsel's performance was deficient, and then must prove that this deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In examining a claim for ineffective assistance of counsel, the court must indulge "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.

Here, Herrera-Ramos asserts that he was sentenced based on the Government's argument that he possessed one pound of methamphetamine and that he was not advised concerning the safety valve.  The record shows otherwise.

The plea agreement in this case states, "[t]he parties stipulate that the drug quantity was 222 grams of a mixture or substance containing 120.1 grams of pure methamphetamine (actual)."  (Mem. of Plea Negotiation (# 19).)  222 grams weighs slightly less than a half pound.  Herrera-Ramos was sentenced according to this stipulated drug quantity.  Pursuant to the sentencing guidelines, in the case of a mixture or substance containing methamphetamine, the offense level is determined by the greater amount of either the entire weight of the mixture or the weight of the methamphetamine.  U.S.S.G. 2D1.1, Application Note (B).  In addition to determining Herrera-Ramos's sentence in accordance with the stipulated drug quantity, the court applied the safety valve, 18 U.S.C. § 3553(f)(1)-(5). (October 7, 2005, Minutes of the Court (# 22).)  Thus, Herrera-Ramos's arguments that the wrong drug quantity was used and that he was not informed of the

safety valve are untenable. As such, Herrera-Ramos has failed to show either deficient performance of counsel or prejudice.

With respect to Herrera-Ramos's claim that his attorney refused to file a notice of appeal, an evidentiary hearing is necessary to determine whether Herrera-Ramos ever expressed a desire to appeal. Herrera-Ramos has submitted an affidavit indicating that his attorney refused to file an appeal at his request. (Aff. of Herrera-Ramos (# 26).) "'[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.'" *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2004) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Although any appeal in this case would likely have been dismissed due to Herrera-Ramos's waiver, Herrera-Ramos was still entitled to order his attorney to file such an appeal. *See id*. When a defendant claims that he ordered his attorney to file an appeal and his attorney refused to do so, one of two alternative courses must be taken. *Id*. at 1198. First, the court can hold an evidentiary hearing to determine if the petitioner's claim is true, and, if so, vacate and reenter the judgment to allow an appeal to proceed. *Id*. Alternatively, if the Government does not object, the court may vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. *Id*. At this time, the Government's position regarding vacating and reentering judgment is unclear. Therefore, the court will order an evidentiary hearing. *Id*.

IT IS THEREFORE ORDERED that Herrera-Ramos's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (# 25) is hereby GRANTED in part and DENIED in part.

///
///
///
///
///

The court will schedule an evidentiary hearing to determine whether Herrera-Ramos's attorney did, in fact, refuse to file a notice of appeal. Herrera-Ramos's motion is denied in all other respects.

IT IS SO ORDERED.

DATED this 1st day of November, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE